# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA C. GORDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-cv-1009-SLP ) |
| MATTHEW DONOVAN,<br>Acting Secretary of the Air Force,[1] | ) ) ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is a letter from Plaintiff [Doc. No. 26], which it liberally construes as a motion seeking reconsideration of the Court's Order of May 14, 2019 [Doc. No. 24]. The Court reminds Plaintiff, again, that she must follow the Federal Rules of Civil Procedure, the Local Civil Rules for the Western District of Oklahoma, and this Court's chambers rules. *Cf. Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[P]ro se parties [are required to] follow the same rules of procedure that govern other litigants." (quotation marks and citation omitted)). That is, Plaintiff must make affirmative requests in motion form, not via letters.

Proceeding to the request included in Plaintiff's filing:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not

---

[1] Acting Secretary Donovan has been substituted for former Secretary Heather Wilson pursuant to Federal Rule of Civil Procedure 25(d) because this action was filed against the secretary in his official capacity.

> appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Here, Plaintiff does not make an argument or provide evidence as to any of these rehearing bases in her submission. Accordingly, her reconsideration request will be denied.

To the extent Plaintiff's reference to sending "[a] certified letter . . . to the Attorney General Office in Washington DC [in] Dec[ember] of 2017" (Letter 1, Doc. No. 26) is intended to show service of the U.S. Attorney General for Plaintiff's complaint against the Secretary of the Air Force, as required by Federal Rules of Civil Procedure 4(i)(1)(A)-(B) and 4(i)(2), Plaintiff still has not fully complied with the requirements to serve the Secretary of the Air Force. *See* Order of May 14, 2019, at 4, Doc. No. 24.

IT IS THEREFORE ORDERED that Plaintiff's request for reconsideration of the Court's Order of May 24, 2019 is DENIED as stated herein.

IT IS SO ORDERED this 18th day of June, 2019.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE